Rufus S. ALSTON, Appellant,

v.

DALTON FINANCE INC., Assignee of Genie Craft Corporation, Appellee.

No. 2772.

Municipal Court of Appeals for the District of Columbia.

Argued June 19, 1961.

Decided July 20, 1961.

Hazel P. Tucker, Washington, D. C., for appellant.

Bernard D. Lipton, Washington, D. C., with whom Norman Baum, Washington, D. C., was on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Re-tired) sitting by designation under Code § 11-776(b).

QUINN, Associate Judge.

This was a suit to recover the unpaid balance for merchandise sold and delivered to appellant.

■ At trial appellant's sole defense was that the signature on the contract was not his. He furnished the court, sitting without a jury, specimens of his handwriting, and these were received in evidence, together with other documents purportedly signed by him. At the conclusion of the evidence, the court gave judgment for appellee on the basis of the similarity between appellant's handwriting and the signature on the contract. This appeal followed.

Appellant argues that it was error to receive in evidence the disputed contract without authentication and without first laying a proper foundation for admission. We find no merit to this contention. We have held that either a court or jury may compare a disputed signature with a genuine signature for the purpose of determining the genuineness of the former; and if such a comparison is the only proof offered and it convinces the trier of facts, a finding based thereon cannot be said to be without substantial support. Williston v. Heritage Supply Company, D.C.Mun.App.1959, 155 A.2d 253.

■ Appellant next contends that the trial court abused its authority "in trying to intimidate appellant with threats of prosecution for perjury, because of his denial that he was a party to the contract." This charge relates to the judge's action in summoning a court reporter to transcribe the proceedings, after warning appellant of the possible consequences of false testimony. Nevertheless, appellant steadfastly refused to change his story but reaffirmed his previous position, denying that he had signed the contract in question. In view of this unsuccessful effort, it is obvious that

 

appellant suffered no legal prejudice, even assuming that the trial court acted improperly. Appellant was admittedly not intimidated. This case presents a simple and direct issue of credibility, and we hold that the record lends sufficient support for the court's finding in favor of appellee.

Affirmed.